### J. H. GARRISON ET AL. v. OCHILTREE COUNTY ET AL.

Decided April 25, 1908.

**Appeal—Insufficient Assignments of Error.**

The following assignments of error held insufficient to require considera-tion on appeal: "The court erred in refusing to render judgment in favor of these interveners for the land in controversy." "The court erred in refusing to render judgment against Ochiltree County in favor of these interveners for the sum of $1.00 per acre as damages for breach of contract on the part of Ochil-tree County in refusing to convey the four leagues of school land to these interveners according to the contract made between Ochiltree County and J. H. Garrison," and "The court erred in refusing to render judgment for the sum of $704.48 in favor of J. H. Garrison against Ochiltree County, being the amount of commissions to which the said J. H. Garrison was entitled for having made the sale of the four leagues of school land at $2.00 per acre."

Appeal from the District Court of Roberts County. Tried below before Hon. H. G. Hendricks.

*Jasper N. Haney* and *Turner & Boyce,* for appellants.

*W. F. Shipp, E. C. Gray* and *Theodore Mack,* for appellees.

SPEER, ASSOCIATE JUSTICE.— One, Wallace Good, instituted this suit in the District Court to restrain Ochiltree County from conveying to J. H. Garrison, L. L. Powers and O. C. Davis, the school lands belonging to said county by virtue of a certain contract entered into between Ochiltree County through her commissioners and the said J. H. Garrison. These parties were subsequently made defendants in the action and asserted their rights to recover the land as against Ochiltree County, or in the alternative for damages for a breach of the contract to convey, and from the judgment of the District Court denying them such recovery have appealed to this court. The judgment also denied the plaintiff any recovery, but he has not appealed. Garrison also prayed for commissions as a broker for having made the sale to his codefendants, but this was also denied him.

The assignments of error upon which we are asked to reverse the judgment of the District Court are as follows: "The court erred in refusing to render judgment in favor of these interveners for the land in controversy;" "The court erred in refusing to render judgment against Ochiltree County in favor of these interveners for the sum of $1.00 per acre as damages for breach of contract on the part of Ochil-tree County in refusing to convey the four leagues of school lands to these interveners according to the contract made between Ochiltree

County and J.. H. Garrison;" and "The court erred in refusing to render judgment for the sum of $704.48 in favor of J. H. Garrison against Ochiltree County, being the amount of commissions to which the said J. H. Garrison was entitled for having made the sale of the four leagues of school lands at $2.00 per acre." These assignments are objected to as being too general to require consideration, and we are compelled to sustain this objection. An assignment complaining that the court erred in rendering a particular judgment or refusing to render a particular judgment merely is not that distinct specification of error required by the statute and rules of practice prescribed by the Supreme Court. A proper disposition of either of these assignments would involve a consideration not only of the sufficiency of the evidence introduced by appellants to require a finding in their favor upon that particular issue, but would involve as well an examination of the questions presented by the appellee in defense, as for instance, the validity of the contract entered into between appellant, J. H. Garrison, and itself in pursuance of which the sale of the lands was made. In short, the assignments do not point out any specific error at all. (Wright v. Wren, 16 S. W., 996; Tudor v. Hodges, 71 Texas, 392; Legion of Honor v. Rowell, 78 Texas, 677; Watzlavzick v. Oppenheimer, 38 Texas Civ. App., 306, and authorities there cited.)

Since there are no assignments of error which we can consider, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.