## MRS. E. C. HESS v. R. C. WEBB ET AL.

No. 1989. Decided December 8, 1909.

**1.—Supreme Court—Application for Writ of Error—Assignment of Error.**

An assignment of error in the Supreme Court complaining of the failure of the appellate court to reverse the judgment below, giving six reasons therefor, only two of which apply to the same point, involving consideration of the charges given and refused and of the sufficiency of the evidence to support the verdict on several distinct issues, can not be considered under the rules for procedure. So also of an assignment of error in the rulings upon limitation as to various parties with respect to whom distinct issues on limitation were presented. (Pp. 47–49).

**2.—Practice on Appeal—Recovery of Land—Partition—Parties—Cotenants.**

In an action for recovery of land and partition, where it appears that certain part owners have not been made parties, the appellate court, reversing a recovery by plaintiffs for that reason, may still, in its discretion, reform and affirm so much of the judgment as relates to the recovery of title so as to render it a recovery by plaintiffs of such interest as they were shown to hold. (P. 49).

Error to the Court of Civil Appeals for the First District, in an appeal from Fayette County.

Mrs. Hess appealed from a judgment recovered by Webb and others and obtained writ of error from a judgment reforming and affirming in part and in part reversing and remanding the judgment of the trial court.

*Brown & Lane,* for plaintiff in error.—Whenever in the trial of a partition suit it becomes apparent that there are part owners of the property sought to be partitioned who are not parties to such suit, the trial should be suspended until such part owners are brought before the court, and unless this be done no valid partition decree can be made, and one entered without such parties will be reversed. Ship Channel Co. v. Bruly, 45 Texas, 6; McKinney v. Moore, 73 Texas, 470; Holloway v. McIlhenny, 77 Texas, 657; Maverick v. Burney, 88 Texas, 560.

In a suit brought for the partition of lands by several tenants in common out of possession, against an alleged tenant in common in possession who by pleadings asserts title by limitation to all the land and proves at the trial facts sufficient to give title by limitation as to all cotenants not parties to the suit, it is error for the court to allow plaintiffs to recover of such defendant the shares to which other part owners not parties would be entitled but for the fact that their claims are barred by limitation and on that account their shares are the property of the defendant. Boone v. Knox, 80 Texas, 642; Davidson v. Wallingford, 8 Texas, 619.

*John T. Duncan* and *Will A. Morriss,* for defendants in error.— Where it is shown that the names and residences of persons who, if found, might have an interest in the cause of action, and whether or not such persons in fact exist, can not be ascertained by the use of diligence, it is proper to proceed with the case without such persons. Bailey v. Morgan, 13 Texas, 343.

The verdict of the jury on the controverted facts as to the title between appellees and appellant will not be disturbed even though the court should find that because of nonjoinder of parties in interest the partition should not have been decreed.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by Webb and others, defendants in error, to recover of Mrs. Hess, plaintiff in error, eight-ninths of 73.4 acres of land. The defendant pleaded not guilty and the statutes of limitation of three, five and ten years. The judgment being against Mrs. Hess, she alone appealed to the Court of Civil Appeals, by whom the judgment was affirmed.

The first specification of error in the application for the writ of error is that "the said Court of Civil Appeals erred in its opinion on appellee's motion for rehearing in holding that the judgment of the trial court, in so far as it establishes the title of some of the plaintiffs against the defendant, Mrs. Hess, for their respective interests should not be reversed, and that the verdict of the jury, which was against Mrs. Hess on her plea of limitation should not be disturbed." Then follows six reasons assigned why the opinion

of the Court of Civil Appeals is erroneous, only two of which apply to the same point. Should we undertake to consider this assignment we should have to discuss the charge of the court as given; its refusal to give special charges; the evidence of Mrs. Hess' adverse possession of the property; the effect of the defenses upon the parties who originally filed the suit and upon those who came in subsequently; the effect of a verdict in favor of her codefendants; and generally that the verdict of the jury was contrary to the evidence adduced upon the trial and was therefore not a just and proper verdict. We are of the opinion that we can not consider the assignment without violating the rules of the court.

The three other assignments in the application for the writ of error relate to the same question and may be considered together. The first is that the court erred in holding that the judgment in favor of A. T. Hughes, J. D. Hughes, Mary Brantly, Cora Durbridge, Carrie Rositer, Howard Risher, William Webb, Robert Webb, Ora West, Ella Taylor, Minnie Woodward, R. C. Webb, Rufus Webb and Hattie Everett should be so reformed as to allow them to recover the one-eighth interest of their ancestors, and so reformed should be affirmed, "because, first, as hereinbefore shown the rights of the parties have not been rightfully, properly and legally adjudicated; and second, because the record clearly and distinctly shows that Ora West, Ella Taylor, Minnie Woodward and Hattie Everett, who came into the suit May 13, 1905, were unquestionably barred by the statute of limitation, and should not have been permitted to recover," etc. These objections to the ruling of the court take us back to the question of limitation as to the whole case and also to the question of limitation as to Ora West and others—which we have refused to consider because not distinctly assigned. For the same reason we decline to consider them here. The question of limitation as to all of the plaintiffs and that of limitation as to Ora West and others are two questions.

The second of these three assignments is that "the Court of Civil Appeals erred in holding that 'insofar as the judgment disposes of the interests of those claiming to be heirs of the other children of Polly Webb and decrees a partition it should be reversed and the cause remanded,' because, first, applicant, Mrs. Hess, is entitled to have the whole judgment reversed, and the whole case remanded for another trial, so that the issues involved may be fairly, properly and legally determined, and second, because as the Court of Civil Appeals correctly held in its original opinion 'if any of the parties to the suit were barred of their right by the statutes of limitation such right did not enure to the benefit of the other plaintiffs, but appellant should have recovered such interest upon her plea.' " In regard to these objections to the action of the court we may observe we have been unable to determine from the state of the record, that the rights between Mrs. Hess and the parties who first brought suit, have not been "fairly, properly and legally determined." As to the second ground of objection we may say, that the action of the court was largely in its discretion. Where, as in this case, the amount of land in controversy is very small and the claimants are very

numerous, and the evidence somewhat unsatisfactory, the court may, in its discretion, properly affirm as to those whose rights have been properly determined and reverse and remand as to those whose evidence appears to be insufficient.

The third of these assignments is the fourth in the petition for the writ of error and is as follows: "Whenever in the trial of a suit, such as this is, it becomes apparent that there are part owners of the property involved, who are not parties to the suit, the trial should be suspended until such part owners are brought before the court, and unless this is done no valid judgment can be rendered, and one entered without such parties should be reversed." The rule is, that all persons having an interest in a litigation should be made parties. But this is a general rule and to it there are exceptions. (Bailey v. Morgan, 13 Texas, 342.) Indeed, some of the authorities go so far as to say, that it is discretionary with the trial court. The proposition announced in the assignment has been held by this court in cases of this character; but these usually have been cases where the persons not made parties to the suit are within the jurisdiction of the court and are not numerous. It is a safe and salutary rule and one which tends to prevent the multiplicity of suits which our system abhors. But where the claimants in an action of trespass to try title against an acknowledged cotenant are numerous and it appears that possibly some of these who, under the plaintiffs' theory of the case, are entitled to recover, reside in another State, a different rule should prevail. One tenant in common may sue another to establish his interest in land and may recover a judgment for his admission into joint possession, or he may sue for partition where all the tenants in common must be parties. Consequently where in a case of this character it is developed that parties may have been omitted from the petition, why not disregard them, and permit the plaintiffs to proceed to judgment for their own interests in the land? (See Story's Eq. Pldg., para. 79a.)

Finding no error in the proceedings which led to the judgment, it is affirmed.

*Affirmed.*