CITIZENS' STATE BANK OF TOYAH v. O'NEAL et al.

(Court of Civil Appeals of Texas.   Feb. 11, 1911.)

APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR—REQUISITES.

Under Rev. St. 1895, art. 1018, requiring appellant to file all assignments of error distinctly specifying the grounds on which he relies, and Courts of Civil Appeals Rules 24, 26 (67 S. W. xv), providing that assignments of error must distinctly specify the grounds, assignments of error that the court erred in failing to find a verdict for appellant on the evidence, and that the court erred in dismissing the case because against the preponderance of the evidence, and that the court erred in refusing to find a judgment for plaintiff against defendants failing to appear and answer, and because defendant appearing failed to answer, except by plea in abatement, which he failed to urge until after plaintiff had made its prima facie case, etc., are insufficient to question the sufficiency of the evidence, and the refusal of judgment by default.

[Ed. Note.—For other case, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by the Citizens' State Bank of Toyah against J. F. O'Neal and others. From a judgment for defendants, plaintiff appeals. Affirmed.

McKenzie & Brady and J. W. Parker, for appellant. Hefner & Hudson and Pender S. Carter, for appellees.

CONNER, C. J. This suit was instituted by the appellant bank against J. F. O'Neal, D. F. White, G. E. Wilson, and T. W. Owen as the makers, and against appellee Victor Dziedzioch as indorser, of two promissory notes, one for the sum of $1,000 and the other for the sum of $900, both dated October 12, 1908, and due in 6 and 12 months, respectively, from date. Certain credits were admitted, and judgment was sought for the remainder with a foreclosure of the vendor's lien upon certain lands for which the notes had been given. Defendants were duly cited, but Victor Dziedzioch alone answered, which was by a verified special plea to the effect that the plaintiff was not entitled to recover upon the notes forming the basis of its suit in that he, said defendant, "is now, and at all times since the execution and delivery of the said notes has been, the legal and equitable owner of the same"; that the indorsements of the notes to the plaintiff had been under a contract of sale which the plaintiff later refused to complete. The trial was before the court without a jury, and judgment given for the defendants, from which this appeal has been prosecuted.

We are led to infer from argument in appellant's brief that it is intended to question the sufficiency of the evidence on the issue of appellant's ownership of the notes sued upon, and the action of the court in refusing a judgment by default against those defendants who were cited, but who wholly failed to answer. The assignments of error under which the first question is discussed are the first, fifth, seventh, tenth, twelfth, and thirteenth, which are as follows:

"First. The court erred in its failure and refusal to find a verdict for the plaintiff, because the overwhelming preponderance and weight of the evidence was with the plaintiff, and under the law was entitled to a verdict and judgment in its favor."

"Fifth. The court erred in failure to find a verdict for the plaintiff for the full amount sued for, because the overwhelming weight and preponderance of the evidence was in plaintiff's favor."

"Seventh. The court erred in sustaining defendant's plea in abatement and dismissing this cause, because the overwhelming preponderance and weight of the evidence was against said plea in abatement and in favor of the plaintiff."

"Tenth. The court erred in rendering a verdict and judgment in favor of defendants and for dismissing their cause."

"Twelfth. The court erred in rendering judgment in favor of the defendants dismissing this cause, because the verdict and judgment as rendered in this cause is against the overwhelming preponderance and weight of the evidence.

"Thirteenth. The court erred in rendering verdict for defendants and dismissing this cause because the notes upon their face both showed to be long past-due and owing

at the time of filing this suit, and, there being no evidence showing the contrary, the court should have found for the plaintiff."

The assignments of error which we infer were intended to present the second question are the second, third, fourth, sixth, eighth, and ninth, which are as follows:

"Second. The court erred in its refusal to find a judgment for the plaintiff, the defendants J. F. O'Neal, G. E. Wilson, T. W. Owen, and D. F. White having failed to appear and answer, and the defendant Victor Dziedzioch failed to answer except by plea in abatement which the said Victor Dziedzioch failed to urge until after the plaintiff had made its prima facie case, and was entitled to judgment, all of the parties having made default, though having been legally cited to appear and answer in terms of law.

"Third. The court erred in overruling plaintiff's motion that judgment be given to plaintiff; said motion having been urged by plaintiff after the plaintiff had introduced its evidence and made out its prima facie case, as will more fully appear by reference to plaintiff's bill of exception No. 1 herein, reference to which is hereby made for a more complete description of said proceedings.

"Fourth. The court erred in its failure to give verdict and render judgment in favor of plaintiff after all the evidence in said cause was heard, and all parties having rested, the plaintiff moved the court to find in its favor, the defendant and each of them having failed to appear and answer, though having been cited to appear and answer in terms of the law. All of which said proceedings will more fully appear in plaintiff's bill of exception No. 2, reference · to which is hereby made for the full proceedings."

"Sixth. The court erred in its failure to find a verdict for the plaintiff because each of the defendants failed to answer to the merits of the cause, but wholly made default, except as to defendant Victor Dziedzioch, who filed a dilatory plea only, because the great weight of the evidence was in favor of the plaintiff as to said plea so filed by said defendant Victor Dziedzioch, and the other defendants having failed to appear and answer though duly cited to do so in terms of the law."

"Eighth. The court erred in rendering a verdict and judgment in favor of the defendants because the defendants J. F. O'Neal, G. E. Wilson, T. W. Owen, and D. F. White failed to appear and answer though duly cited in terms of the law, and judgment as against said defendants and each of them should have been in favor of the plaintiff for its debt and foreclosure.

"Ninth. The court erred in its failure to find for the plaintiff for its debt and for foreclosure of its vendor's lien as retained in the said notes sued upon, the defendants having failed to appear and answer herein, but wholly made default."

The statement following the first assignment, which by reference thereto is made to constitute the statement of many others, consists of some nine lines of the brief and the following further references: "See, also, the order of the defendant to Messrs. McKenzie & Brady, Statement of Facts, page 6. See, also, the letter of defendant to Messrs. McKenzie & Brady, Statement of Facts, page 6. See the testimony of Finley Holmes, Statement of Facts, pages 23 to 27. See, also, the testimony of V. Van Geison, Statement of Facts, pages 17 to 23. See the testimony of Aubrey Shrock, Statement of Facts, page 28. See, also, the testimony of J. F. McKenzie, pages 28 to 29. See the entire Statement of Facts, 2 to 30."

We think the mere exhibit of the brief above made is a sufficient answer to the entire appeal. It is manifest that, regardless of the insufficiency of the statements, the assignments do not constitute such distinct specifications of the grounds of error relied upon as is required alike by Rev. St. 1895, art. 1018, and rules 24 and 26 (67 S. W. xv) prescribed for the government of this court. This might be illustrated from quotations from many decisions; but the subject has been so fully and often treated that we content ourselves with a citation of a few of the cases. See Garrison v. Ochiltree Co., 50 Tex. Civ. App. 397, 111 S. W. 445; Guerguin v. McGown, 53 S. W. 585; Bayne v. Denny, 21 Tex. Civ. App. 435, 52 S. W. 983; Wright v. Wren (Sup.) 16 S. W. 996.

We conclude that all assignments of error must be disregarded, and, no error being apparent of record, that the judgment should be affirmed.