HENDERSON v. WILKINSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1913. Rehearing Denied Oct. 18, 1913.)

1. APPEAL AND ERROR (§ 724*)—ASSIGNMENT OF ERRORS—PARTICULARITY.

In an action against the maker and indorser of a note and to foreclose a vendor's lien, an assignment that the court erred in not holding that the plaintiff was a bona fide holder of the note sued on, and in not rendering a judgment against both defendants and for the foreclosure of the lien, is too general for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

2. BILLS AND NOTES (§ 519*)—ACTION—SUFFICIENCY OF EVIDENCE — LIABILITY OF INDORSER.

Where the petition, which alleged that defendant indorsed the notes sued on, was supported indisputably by the evidence and there was nothing in the pleadings or the evidence that would justify the court in refusing to render judgment on the prima facie case thus made, it was error for the court not to give judgment against the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1802; Dec. Dig. § 519.*]

3. HOMESTEAD (§ 128*) — CONVEYANCES — ATTEMPTED EVASION OF STATUTE.

Where the owners of a homestead executed a deed thereto and delivered it to another in exchange for a vendor's lien note, which was indorsed to a third person, the whole transaction being for the purpose of evading the homestead laws, the lien was invalid, and no foreclosure thereof could be had at the suit of the holder of the note except upon the principle of estoppel.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 224–232; Dec. Dig. § 128.*]

4. HOMESTEAD (§ 122*) — CONVEYANCES — ESTOPPEL.

Where the deed was never placed on record and the grantor and his wife remained in possession all the time, there could be no estoppel which would authorize a foreclosure of the vendor's lien.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 220–222; Dec. Dig. § 122.*]

Appeal from District Court, Nolan County; Jos. L. Shepherd, Judge.

Action by W. W. Henderson against W. E. Wilkinson and others to recover upon two promissory notes and foreclose a vendor's lien. Judgment for the plaintiff against the defendant W. E. Wilkinson upon the notes, but in favor of all the other defendants, and denying foreclosure of the lien, and the plaintiff appeals. Affirmed in part, reversed and rendered in part.

Kirby & Davidson, of Abilene, for appellant. H. C. Hughes and J. F. Eidson, both of Sweetwater, for appellees.

SPEER, J. W. W. Henderson, alleging that he was the owner by assignment of two certain promissory notes, sued W. E. Wilkinson and R. M. Wilkinson as maker and indorser, respectively, to recover the amount of said notes and to foreclose the vendor's lien against lots 7, 8, and 9 in block 107 of the Orient addition to the town of Sweetwater. The plaintiff sought, however, in a first count to recover outright the lands mentioned. The defendant R. M. Wilkinson, joined by his wife, who made herself a party defendant, answered generally, and specially as to the lien sought to be foreclosed, and that the property was their homestead and the pretended lien was invalid as an attempt to create a mortgage upon the homestead inasmuch as the pretended sale by them to W. E. Wilkinson was fictitious and there was no intention that the title to the land should pass, but that the transaction was for the sole purpose of creating an apparent lien against the homestead. There was a trial before the court, resulting in a judgment against the maker, W. E. Wilkinson, but in favor of all the other defendants. The plaintiff appeals.

[1] The first, second, and third assignments of error are not considered because too general. The first, which illustrates the others, is as follows: "The court erred in not holding that the plaintiff, W. W. Henderson, was a bona fide owner of the notes sued on, and in not rendering judgment for the plaintiff against both the maker and the indorser of said notes, and in not foreclosing the vendor's lien securing the payment of said notes." It is perfectly apparent that this assignment is no more in legal effect than a general complaint that the court erred in the judgment rendered. It embraces every question involved in the entire case, and points out no specific error whatever. Garrison v. Ochiltree County, 50 Tex. Civ. App. 397, 111 S. W. 445.

[2] The fourth assignment is more specific, however, and complains particularly that the court erred in not rendering judgment in favor of the plaintiff against the defendant R. M. Wilkinson as indorser of the notes sued on. This complaint is well founded. The petition alleges that R. M. Wilkinson indorsed the notes, and the evidence supports indisputably such allegation. There is nothing in the pleadings or evidence that would justify the court in refusing to render judgment for the plaintiff upon this issue, thus prima facie established in his favor. The judgment of the district court is accordingly reversed as to the appellee R. M. Wilkinson, and judgment here rendered in favor of appellant against R. M. Wilkinson as indorser for the amount of the notes together with all costs.

[3, 4] The only other question in the case sought to be raised in the assignments which we have refused to consider, and perhaps properly raised in the sixth and seventh assignments, is that appellant should have had a foreclosure of a vendor's lien against the property in controversy. The evidence shows, however, without contradiction that the transaction through which the notes in controversy came into existence was no more than a

scheme to enable appellee R. M. Wilkinson to obtain credit on the strength of these notes appearing to be a valid lien against property, which was at that time the homestead of himself and wife. The deed to W. E. Wilkinson was never delivered to him, and never placed of record. R. M. Wilkinson and wife were at the time, and ever since have been, in possession of the property. Under these circumstances clearly the lien was invalid as an attempted evasion of the homestead law, and no foreclosure thereof could in any event be had except upon the principle of estoppel, and the appellees being in possession of the property, and the deed not being of record, there is nothing in the case to support appellant's foreclosure upon such a theory. Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; Collum v. Sanger, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Chamberlain v. Trammell, 131 S. W. 227.

Affirmed in part; reversed and rendered in part.