HILL et al. v. WHITWORTH.

(Court of Civil Appeals of Texas. Texarkana.
Dec. 27, 1913. Rehearing Denied
Jan. 8, 1914.)

1. TENANCY IN COMMON (§ 55*)—TRESPASS TO TRY TITLE—TITLE TO SUPPORT.

A tenant in common in actual possession of part of the land has constructive possession of the whole and has sufficient title to maintain trespass to try title against strangers who enter upon any portion of the property.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 140–156; Dec. Dig. § 55.*]

2. TRESPASS TO TRY TITLE (§ 35*)—ACTIONS—VARIANCE.

In trespass to try title, where plaintiff generally alleges title in himself, proof that he is only a tenant in common in possession of an undivided tract of land does not constitute a variance.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 50–52; Dec. Dig. § 35.*]

3. TRESPASS TO TRY TITLE (§ 18*)—ACTIONS—DEFENSES.

In trespass to try title, where defendants were only trespassers, they could not defeat recovery by showing that plaintiff was merely a tenant in common of a large tract of land and that, by selling specific parcels, he had relinquished his right to the property in suit.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 21; Dec. Dig. § 18.*]

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Action by B. F. Whitworth against R. B. Hill and others. From a judgment for plaintiff, defendants appeal. Affirmed.

This is an action brought by appellee against appellants in trespass to try title to two tracts of land—one for 204 acres, and one for 36 acres—described by metes and bounds in the petition. The 36-acre tract, though, was eliminated from the controversy by an order of nonsuit. The plaintiff alleged that he had held the land adversely for more than ten years, and relied upon the statute of ten years' limitation for title. The defendant answered by plea of not guilty, and pleaded ownership under the statute of five years' limitation to all the land except 30 acres lying north of the Pruitt and Hughes dividing line. The jury returned a verdict in favor of appellee, and judgment was entered for 160 acres.

The evidence shows that in 1848 a survey of 2,400 acres of land was made under the Donaldson Lewis certificate. The land office held the survey for and the location upon the land, as made, of the Lewis certificate, void. And subsequently the John L. Chambers and Lucas D. Isom certificates, respectively, were relocated on the 2,400 acres, and a patent was issued, respectively, to Chambers and Isom in 1873. The Chambers survey was located on the westerly part of the 2,400 acres, and contained 1,476 acres, and embraces the land in this suit. In the meantime Pruitt & Casey claimed to be own-

ers under the Donaldson Lewis survey of a part of the 2,400 acres, situated within the present Chambers survey. And in 1887 Pruitt & Casey, claiming 900 acres of the land, sold the same to the appellee. There appears in the evidence to be a line established on the south of the 900 acres, called the Logan dividing line. There appears also another line, which is between 600 and 700 varas to the north of the Logan line. These two lines were asserted to be divisional lines between the lands claimed by Pruitt & Casey on the north and by Hughes on the south. And it appears that the Logan line is the true boundary line of the 900-acre tract. At the time Pruitt & Casey sold to appellee, Mr. Pruitt pointed out to appellee the Logan line as the south boundary line of the 900 acres. Appellee went into possession in 1887 of the 900 acres of land bought from Pruitt & Casey, and claimed the whole tract, and made such claim for more than ten years continuously. It appears that the 204 acres in suit of the 900 acres of land was surveyed out just previous to the filing of this suit, and it was on the lower part of this 204-acre tract that appellee in 1889 built his residence and barn, and cleared and fenced about 15 acres and cultivated it, and has occupied and used the said 15 acres of it continuously as his homestead part, but claiming all the land bought from Pruitt & Casey, for 25 years before suit. It appears that appellee, after ten years from the purchase from Pruitt & Casey, by deed at different dates conveyed to some eight different persons an aggregate of 1,052 acres purporting to be off of the tract of land bought from Pruitt & Casey, but none of it included the 204 acres in suit.

The appellants claim 206 acres of land by deed from the heirs of Reese Hughes dated October 24, 1905, and recorded March 26, 1906, and have paid taxes on such land since 1905, and have had it fenced and in their actual possession four years before the suit. This deed covers all the land in controversy except 30 acres.

O'Neal & Allday, of Atlanta, for appellants. W. T. Armistead, of Jefferson, and L. E. Keeney, of Mt. Pleasant, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The appellants challenge the right of appellee to judgment for the land sued for, except the 30 acres disclaimed by them, upon the proposition that: "When a party adversely occupies a tract of land in excess of 160 acres for the required period of time to acquire title to 160 acres thereof under the terms of the statute of ten years' limitation, such party then becomes a tenant in common with the legal owners of the excess of the tract. And if such party thereafter sells as much as 160 acres of the land, whether as undivided interest or as a specific part

of the larger tract, he has nothing of interest in the land left to base a recovery on even against a trespasser." The proposition admits that appellee had acquired by adverse possession 160 acres in the tract of 900 acres. And under the case of Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110, having application here in principle of law, appellee acquired title to an undivided 160 acres of the larger tract including the part of his improvements, and became a tenant in common, until a partition was had, with the owner of the remainder. It is undisputed that appellee was in actual possession of his improved part of the land. Being in actual possession of a part of the land, as a tenant in common of an estate in the land, such ownership and actual possession of a part would operate as constructive possession of all the land sued for outside of that part actually occupied by appellee. Being a tenant in common with the owner of the remainder of the large tract, as appellee was, and the specific land sued for being an undivided part of the whole, there was sufficient title to enable appellee to maintain his action against appellants, who are strangers to the title. It is the rule that one tenant in common may maintain trespass to try title against a stranger. Grassmeyer v. Beeson, 18 Tex. 754, 70 Am. Dec. 309; Sowers v. Peterson, 59 Tex. 216. And having sued under a general allegation of title in himself, it is not a variance if the evidence shows that appellee owns less than the whole of the specified tract or only an undivided interest. Hutchins v. Bacon, 46 Tex. 408.

[3] The proposition is founded upon appellants being trespassers, and the evidence supports that finding. The evidence shows that appellants' vendors occupied the land from 1860 to 1870 under the Donaldson Lewis filing on the land. But according to the record it must be said that the Donaldson Lewis filing was not accepted but held void by the land office, and thus the land was public domain from 1848 until 1873. No occupancy or claim to the land in suit was made by appellants until 1905. No legal title was shown by appellants, and no adverse possession under a deed beyond four years from 1905. Appellants therefore have shown no title. So if appellee had conveyed parcels of the 900-acre tract resulting in being more than his share in the whole tract, it would in no wise affect appellants. And even if the owner of the remainder of the tract could in a suit against appellee assert that appellee was debarred from claiming this particular land in suit under his possession because his conveyance of other specific parcels operated to be an election and relinquishment of his right to this particular part, outside of his improvements, still appellants, as trespassers or having no title to the land, could not be in a position to the whole tract, like a tenant in common of the whole, to predicate rights against appellee upon his conveyances of the parcels not here in suit.

The judgment is affirmed.