## ARTHE–LEVY–BERNHARD CO. v. McBURNETT. (No. 5634.)

(Court of Civil Appeals of Texas. Austin. May 24, 1916.)

SALES ⬤⟹181(11) — ACTION BY SELLER FOR PRICE—EVIDENCE—DELAY AND FITNESS OF GOODS.

In an action for umbrellas sold, evidence that contrary to contract the shipment was too late for holiday trade and the goods were not as ordered and were not accepted *held* to sustain verdict for defendant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 486, 487, 490; Dec. Dig. ⬤⟹181(11).]

Error from Tom Green County Court; Oscar Frink, Judge.

Action by the Arthe-Levy-Bernhard Company against C. C. McBurnett. From a judgment for defendant, plaintiff brings error. Affirmed.

J. J. Sheppard and W. A. Anderson, both of San Angelo, for plaintiff in error. James P. Dumas and L. W. Elliott, both of San Angelo, for defendant in error.

RICE, J. This suit was brought by plaintiff in error, a private corporation, against defendant in error, on a certified account to recover the sum of $466.50, for a shipment of umbrellas, made by it to him on the 23d of November, 1912. Defendant in error interposed first the two-year statute of limitation, and for special defense alleged: (a) That said shipment was to be delivered within a specified time, to wit, on or about the 1st of November, 1912, or, in any event, in ample time for defendant to have same on display in his store in San Angelo during the entire holiday season, and that the same was not delivered to him until the 14th of December, too late for sale during that season; (b) that by the terms of said contract of sale the umbrellas were to be of the kind known in the trade as detachables, meaning thereby the kind having handles that could be de-

tached and another substituted; also that the umbrellas were to have silver handles, whereas a large portion thereof had handles that were not detachable, and a considerable portion thereof had handles other than silver handles; that upon receipt of same, for the reasons above set forth, defendant declined to accept and pay for them, and notified the plaintiff that he held them subject to its order;' and thereafter, plaintiff having refused to receive same, defendant in error shipped them back to plaintiff, prepaying freight charges thereon. The case was tried before the court without the intervention of a jury, and judgment rendered in favor of defendant in error, from which this writ of error has been sued out.

The first assignment urges that the trial court erred in rendering judgment for plaintiff for the amount sued for. Defendant in error objects to a consideration of this assignment, on the ground that the same is vague and indefinite and not sufficiently specific, citing in support of that contention the following authorities: Vernon's Sayles' Rev. Civ. Stats. vol. 1, art. 1612; Rules of Practice, 67 S. W. xv; Brown v. Brown, 142 S. W. 23; Stephenville Oilmill Co. et al. v. McNeill, 57 Tex. Civ. App. 252, 122 S. W. 911; Jefferson Fire Ins. Co. v. Greenwood, 141 S. W. 319; Garrison et al. v. Ochiltree et al., 50 Tex. Civ. App. 397, 111 S. W. 445; Hess v. Webb, 103 Tex. 46, 123 S. W. 111; Citizens' State Bank of Toyah v. O'Neal, 134 S. W. 1183; Willis v. Hatfield, 133 S. W. 929, and cases there cited. Notwithstanding the authorities seem to support the contention of defendant in error, we are inclined in the present case to consider the assignment. Defendant in error testified that he ordered the goods in controversy from John C. Arthe in New Orleans in the latter part of September, 1912, and they were to be shipped at once, so that they would reach him not later than November 1st, as it was understood at the time that he wanted them for the holiday trade, but they did not reach him until the 14th of December, which he considered too late, as he did not have time to make the proper display, so wrote plaintiff at once that he would not accept them; that he opened the boxes and found that some of the umbrellas were not of the kind ordered; that some of the handles were not detachable; that he ordered only detachable handles, and some of them were old stock and with gold handles; that he did not order any gold handles; that as he did not get them in time for his trade, and as he could reach no agreement with plaintiff, he shipped them back; that he paid the freight on the goods both ways. The court found that plaintiff failed to comply with the contract of shipment, and failed to ship the umbrellas within the time agreed upon. There was a conflict in the testimony, plaintiff in error offering evidence showing that there was no agreement on their part to ship the goods so as to arrive on or about the 1st of November, as claimed by defendant in error, asserting that it was understood that they were to be made up and could be shipped so as to reach defendant in error in time for the holiday season. The court resolved this conflict in favor of defendant in error, and we see no reason to disturb his judgment. Defendant in error was, under the finding within his rights when he declined to receive the shipment, and notified plaintiff that he would hold the goods subject to its order, because of the delay in delivery and the failure of the goods to conform to those ordered. See Plotner & Stoddard v. Markham, 122 S. W. 444; Brantley v. Thomas, 22 Tex. 275, 73 Am. Dec. 264; Simkins on Contracts & Sales, 768, and authorities there cited; Story on Sales, § 138; 2 Parsons on Contracts, 789.

It is also urged on the part of plaintiff in error that the court improperly sustained defendant in error's plea of limitation. The finding, however, being based on the ground of plaintiff in error's failure to comply with the contract, the assignment finds no support in the record, and hence it is unnecessary to consider this question.

Finding no error in the proceedings of the trial court, its judgment is, in all respects, affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes