LOUISIANA & TEXAS LUMBER CO. v.
SOUTHERN PINE LUMBER CO.
et al. (No, 7774.)

(Court of Civil Appeals of Texas. Galveston. June 28, 1919. Rehearing Denied Oct. 9, 1919.)

1. NEW TRIAL ⬤═⫸8—GRANT AS TO PART OF DEFENDANTS.

In trespass to try title, that portion of a judgment awarding a tract to certain defendants may be set aside, and a new trial granted, without disturbing a portion of the judgment which awarded another tract to another defendant on separate and distinct defenses.

2. TRESPASS TO TRY TITLE ⬤═⫸35(2)—DEFENSES AVAILABLE UNDER PLEA OF NOT GUILTY.

In trespass to try title, defendant, filing a plea of not guilty as well as one of limitations, may show that he was a tenant in common with his codefendants, and had an interest in the fee of less than a whole by virtue of a timber deed.

Appeal from District Court, Trinity County; E. A. Berry, Judge.

Trespass to try title by the Louisiana & Texas Lumber Company against the Southern Pine Lumber Company and others. Judgment for certain defendants as to part of the land involved, and plaintiff appeals. Affirmed.

Nunn & Nunn, of Crockett, for appellant.
R. E. Minton and Nelms & Platt, all of Groveton, for appellees.

GRAVES, J. This suit was an action in trespass to try title, brought in the court below by the appellant as plaintiff against the appellees as defendants, to recover the Alex-ander Henry survey of land in Trinity county, Tex. All of the defendants entered general pleas of demurrer, denial, not guilty, and of disclaimer as to other parts of the survey than such different parts of it as they severally specifically described and set up claims to by limitation; defendant R. L. Hutson so claiming one particular 160-acre tract, and all other defendants another and different 160 acres.

The cause was first tried in August, 1917, before a jury, upon whose verdict the court entered judgment in the lumber company's favor for the balance of the survey as a whole, after decreeing to R. L. Hutson the 160-acre tract he claimed, and to the remaining defendants the other 160 acres claimed by them. On motion for a new trial at the same term, the court set aside so much of its first judgment as awarded to the defendants other than R. L. Hutson their 160-acre tract, but refused to disturb his recovery of the 160 acres thereby vested in him. At the July term, 1918, the cause was tried for a second time between the lumber company and the defendants other than R. L. Hutson as to the 160-acre tract claimed by them, and upon a jury's verdict in their favor they were again given judgment for the same land as before.

[1] The lumber company appeals, contending, first, that the court erred in its charge in eliminating from the jury's consideration in the second trial the R. L. Hutson 160 acres; the theory being that the setting aside of the first verdict and judgment as to the other defendants had the legal effect of nullifying it as to him also. We are unable to agree with this position. The land awarded to R. L. Hutson was an entirely different tract from that claimed by the other defendants, his defenses to the appellant's suit were separate and distinct from theirs, and in such instances our Supreme Court has directly held that there may be two final judgments. Boone v. Hulsey, 71 Tex. 176, 9 S. W. 534 (on rehearing); Mills v. Paul, 30 S. W. 242-245; Hess v. Webb, 103 Tex. 46, 123 S. W. 111; Danner et al. v. Walker-Smith Co. et al., 154 S. W. 295-302; State v. Dayton Lumber Co., 164 S. W. 49.

It is next said the evidence was insufficient to support the jury's finding that the other defendants than R. L. Hutson had title to the 160 acres recovered by them under the 10-year statute of limitation. After a careful examination of the statement of facts, we conclude otherwise, and find that the proof justified the verdict and judgment. It may be that there was not such proof under an actual and specific claim of ownership for as much as 10 years prior to the O'Neill survey of September 18, 1905; but it is shown that immediately thereafter the particular 160 ·acres in· question was itself· surveyed, and it was then continuously claimed and

occupied up until the filing of this suit on September 12, 1916, a period in excess of 10 years.

[2] Lastly, it is claimed the verdict and judgment are unauthorized and cannot stand, because the defendant Southern Pine Lumber Company was permitted to recover the timber only upon the 160-acre tract otherwise awarded to its codefendants, when its pleading alleged it to be the owner of the land in fee. This assignment is thought to be devoid of merit; this company was a defendant in the suit, and having filed a plea of not guilty, as well as one of limitation as to the 160-acre tract, might show under them, as in fact it did, that it was a tenant in common with its codefendants in the ownership thereof, and had by virtue of its timber deed an interest in the fee of less than the whole. Hutchins v. Bacon, 46 Tex. at page 414; Hill v. Whitworth, 162 S. W. 434; Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803.

These conclusions require the overruling of all assignments of error and an affirmance of the judgment; that order will be entered.

Affirmed.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes