## SERVICE STATION EQUIPMENT CO. v. HEWITT et al.   (No. 9506.)*

(Court of Civil Appeals of Texas. Dallas. Feb. 6, 1926. Rehearing Denied March 27, 1926.)

**1. Appeal and error ⬤⟾733—Assignment that judgment is contrary to law will not be considered, · since it does not distinctly specify grounds of error relied on (rules of court 24, 25, 26).**

Assignment that judgment is contrary to law will not be considered by Court of Civil Appeals, since it violates rules of court 24, 25, 26, in not distinctly specifying grounds of error relied on.

**2. Appeal and error ⬤⟾733—Assignment that judgment is contrary to evidence adduced in trial will not be considered, since it does not specify grounds of . error relied on (rules of court 24, 25, 26).**

Assignment that judgment is contrary to evidence adduced in trial will not be considered by Court of Civil Appeals, since it violates rules of court 24, 25, 26, in not distinctly specifying grounds of error relied on.

**3. Appeal . and error ⬤⟾733—Assignment that court erred in holding defendant not guilty of conversion, and that plaintiff was not entitled to money judgment, will not be considered, since it does not distinctly specify grounds of error relied on (rules of court 24, 25, 26).**

In suit for return of service station equipment, assignment that court erred in holding defendant not guilty of conversion, and that plaintiff was not entitled 'to money judgment, will not be considered by Court of Civil Appeals, since it violates rules of court 24, 25, 26, in not distinctly specifying grounds of error relied on.

**4. Appeal and error ⬤⟾733—Assignment that court erred in failing to give money judgment against defendant for conversion of certain property will not be considered, since it does not distinctly specify grounds of error relied on (rules of court 24, 25, 26).**

In suit for return of service station equipment, assignment that court erred in failing to give money judgment against defendant for conversion of such property will not be considered by Court of Civil Appeals, since it violates rules of court 24, 25, 26, in not distinctly specifying grounds of error relied on.

**5. Fixtures ⬤⟾35(3).**

Gasoline pumps used at automobile service station *held* not fixtures to building as matter of law.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 19, 1926.

**6. Fixtures ⊚⇒35(2).**

Evidence *held* sufficient to show that gasoline pumps used at service station were not fixtures to building.

**7. Bankruptcy ⊚⇒263—Where bankrupt court released certain property from bankrupt's estate, subsequent sale thereof under order of such court held void.**

Where bankrupt court released certain property from bankrupt's estate on ground that it was burdensome property, its subsequent sale by trustee in bankruptcy under order of bankrupt court without reference to previous order was void, and passed no title.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the Service Station Equipment Company against George W. Hewitt and others. From the judgment, both parties excepted. Plaintiff perfected its appeal, and defendants made cross-assignments of error. Affirmed.

Dabney, Goggans & Ritchie, of Dallas, for appellant.

Burgess, Burgess, Sadler, Christman & Brundidge, of Dallas, for appellees.

JONES, C. J. The Rupert Cox Equipment Company, a concern engaged in selling equipment for automobile service stations, acting through appellant as its agent, secured the written order of the Pacific Tire Service Company, a corporation, for a number of gasoline pumps and for two gasoline tanks, all specifically described in said order. The written order contained the following clause:

"In case of deferred payments, the vendee agrees that title to said property shall remain in the vendor until it is paid for in full."

This written order of sale was filed for record as a chattel mortgage in the proper records of Dallas county, Tex. Thereafter, by written assignment, the Rupert Cox Equipment Company sold and assigned its interest in the contract and all right, title, and interest in the property to appellant. This property was duly installed in a service station constructed by the Pacific Tire Service Company.

For the purpose of erecting its service station, the Pacific Tire Service Company leased land for a number of years, on which it constructed the service station, entering into a contract with appellee Geo. W. Hewitt for such construction. To secure the payment of a note executed by Pacific Tire Service Company in part payment for his services, said appellee took from said company an assignment of the lease.

After the construction of the gasoline service station, the Pacific Tire Service Company was duly adjudged a bankrupt, and, through the petition of appellant in the bankrupt court, the trustee in bankruptcy was directed to release the said property in question to appellant as burdensome property. Subsequent to this order from the bankrupt court, an order was made directing the sale of all the personal property belonging to the bankrupt estate at public auction, free and clear of appellant's lien, and the property in question was included in this order. Appellee Mrs. Nelms purchased this property at said sale.

Demand was made of appellees for the property in question, and refused. Appellant instituted this suit in the district court of Dallas county against appellees for the return of said property and for damages for the detention of said property equal to its rental value for the period detained, and, in the alternative, for damages for the conversion of the property. Appellees defended said suit on the theory that all of the said property were fixtures to the construction on the said leasehold, and thereby became a part of it; and, further, on the theory that the purchase by Mrs. Nelms, under the order of the bankrupt court, gave her the property free of the claim asserted by appellant. At the time the demand was made and the suit filed, Mrs. Nelms was operating the service station under the name of F. & E. Tire Service.

The case was tried before the court without the intervention of a jury, with the result that appellant was denied recovery for the gasoline tanks on the ground that they had become fixtures and were a part of the realty, but was given recovery for the gasoline pumps and its title and right of possession to same decreed. Appellant was denied recovery on its plea of conversion for a money judgment. Both parties excepted to the judgment rendered, appellant, because it was not given a money judgment for the said pumps, and appellees because the court decreed that the said pumps were not a part of the realty. Appellant has perfected its appeal, and appellees have duly made their cross-assignments of error.

[1-4] Appellees have objected to a consideration of any of appellant's assignments of error, on the ground that such assignments are too general, and that they do not distinctly specify the grounds of error relied upon, and thereby violate rules 24, 25, and 26, relating to assignments of error in the Courts of Civil Appeal. The assignments of error are as follows:

"(1) The judgment of the court is contrary to the law.

"(2) The judgment of the court is contrary to the evidence adduced in the trial of said cause.

"(3) The court erred in holding that the defendant Josephine Nelms was not guilty of conversion of the property sued for and that the plaintiff was not entitled to a money judgment against her.

"(4) The court erred in failing and refusing to give a money judgment in favor of the plain-

tiff against the defendant Josephine Nelms for the conversion of the property sued for.

"(5) The court erred in holding that the defendant George W. Hewitt was not guilty of conversion of the property sued for, and that the plaintiff was not entitled to a judgment against him.

"(6) The court erred in failing and refusing to give a money judgment in favor of the plaintiff against the defendant George W. Hewitt for the conversion of the property sued for."

We are of the opinion that the objections thus made must be sustained. It will be noted that neither of the assignments points out wherein the error lies, and is therefore in violation of rules 24, 25, and 26 of the Courts of Civil Appeal.

These assignments are very similar to those which the court refused to consider in the cases of Garrison v. Ochiltree County, 111 S. W. 445, 50 Tex. Civ. App. 397, and Bynum v. Hobbs, 121 S. W. 900, 56 Tex. Civ. App. 557. In the former case the court said:

"An assignment complaining that the court erred in rendering a particular judgment or in refusing to render a particular judgment merely is not that distinct specification of error required by the statute and rules of practice prescribed by the Supreme Court."

The trial court found as a fact that there was no conversion of the property by appellees, and there is nothing pointed out, either in assignment of error or in propositions of law under the assignments, to show wherein this finding was error. Under appellant's pleading, a money judgment could only have been rendered in the event the court had found there was a conversion of the property, and the assignments in respect to this is-

sue must fail for the reason given on the assignments on the issue of conversion.

There being no error apparent in the record, the case as to appellant must be affirmed.

[5, 6] Appellees' cross-assignments of error complain of the court's finding that the said pumps awarded to appellant by the judgment were not fixtures. In other words, appellees contend that, as a matter of law, these pumps are fixtures to the building, and could not be claimed against appellees under appellant's chattel mortgage. We cannot agree to this contention. There is evidence in the record to the effect that these pumps could be removed without damage to the construction. This appears from the evidence of W. Schwan. While there was evidence to the contrary, the court was warranted in basing the judgment on the evidence of this witness.

[7] Appellant secured an order from the bankrupt court releasing the property embraced in said contract from the bankrupt's estate on the ground that it was burdensome property. Afterwards, this and other property was sold to appellee Mrs. Nelms by the trustee in bankruptcy under order of the bankrupt court without reference to the previous order entered in reference to this property. This latter order, in so far as it refers to the property in question, was void, and passed no title in the property to appellees because the former order divested the bankrupt estate of title thereto, and could not be set aside by a mere subsequent order of sale including this property.

Finding no reversible error, it is the opinion of this court that the case should be affirmed.

Affirmed.