Motion to dismiss appeal October 12, sustained November 2, 1956

# HEATH *v.* ARMORE

302 P. 2d 1017

Peterson & Pozzi, Berkeley Lent and Philip A. Levin, of Portland, for the motion.

Dick & Dick, of The Dalles, contra.

ROSSMAN, J.

The notice of appeal addressed to the plaintiff and his attorneys says:

"You, and each of you, will please take notice that the defendant in the above entitled action does hereby appeal from the Order of the Circuit Court of the State of Oregon, for Wasco County, which sustained the motion of the plaintiff to discharge the jury and grant a new trial as follows: * * *."

At that point the notice of appeal quotes the motion which was made in the circuit court by plaintiff's counsel "for a mistrial" and the ruling of the trial judge which sustained the motion. The trial judge, in ruling, said: "I will grant the motion for mistrial."

■ The plaintiff now moves to dismiss the appeal upon the ground that within the purview of ORS 19.010, which authorizes appeals only from final orders of the circuit court, the order challenged by the notice of appeal is not a final one.

It will be observed that no judgment of any kind had been entered by the court before it declared a mistrial. It is our belief that the order mentioned in the notice of appeal and which the appellant seeks to challenge was not final. *Phoebus v. Connellee* (Tex Civ App), 228 SW 982; *Firestone v. Hall* (Tex Civ App), 143 SW2d 797.

■ Notwithstanding that the notice of appeal states that it is directed to the order "which sustained the motion of the plaintiff to discharge the jury and grant a new trial," the appellant's brief declares a purpose to challenge the action of the trial judge in rejecting a verdict and in discharging the jury.

The sole information which we have concerning the action taken in the trial court comes from the notice of appeal, unless we give attention to a statement contained in the brief filed by the appellant in his effort to sustain the appeal. That statement indicates that an ambiguous verdict was tendered and that upon its presentation argument occurred, whereupon the verdict was rejected and the order for a mistrial was made. The brief states that the verdict was never filed. See ORS 17.360. Since the verdict was not filed, the appellant could gain no advantage from it even if permitted to revamp his notice of appeal in the manner undertaken by his aforementioned brief.

It is our belief that, in our search for the order which the would-be appellant seeks to challenge, we are bound by his notice of appeal. The motion to dismiss is sustained.