Argued September 25, writ denied December 24, 1957

# STATE OF OREGON EX REL AMORE v.
# WILKINSON
319 P. 2d 893

*William G. Dick,* argued the cause for relator. On brief were Dick & Dick, The Dalles.

*Edwin A. York,* argued the cause for respondent. On brief were Peterson & Pozzi, Portland, and Hogan & York, The Dalles.

ROSSMAN, J.

This is a proceeding in mandamus instituted in this court by the relator, Joseph Leo Amore, to require the Honorable Malcolm W. Wilkinson, Judge of the Circuit Court for Wasco County, to receive the verdict returned by the jury in Case No. 8414 entitled *Glenn Vernon Heath v. Joseph Leo Amore,* and render judgment thereon for the defendant in that case (relator herein).

The relator (Amore) was the defendant in the aforementioned case which was an action for personal injuries brought against him by the aforementioned Heath. The action arose out of a collision between two trucks, one driven by Heath, to whom we will refer as the plaintiff, and the other driven by Amore, whom we will term the defendant. It was urged by the de-

fendant during the trial of that case—and the jury could have found from the evidence—that the plaintiff was not injured in the collision.

Pursuant to a request made by the plaintiff, which was based upon ORS 17.355, the judge submitted the case to the jury on written instructions. The following is the part of the instruction which is pertinent to the issues before us:

> "If you find that the plaintiff, Glenn Vernon Heath, is entitled to a verdict at your hands, you will then be required to assess his damages."

The jury returned the following verdict:

> "We, the jury, duly impaneled and sworn to well and truly try the above entitled cause, do find our verdict in favor of the plaintiff Glenn Vernon Heath, and against the defendant, Joseph Leo Amore, and assess plaintiff's general damages in the sum of $ *nothing* and plaintiff's special damages in the sum of $ *nothing* . . ."

When the verdict was read and announced by the foreman, attorneys for the plaintiff and the defendant were present. Upon announcement of the verdict, the plaintiff moved for a mistrial, and the defendant moved that the court accept the verdict as given.

ORS 17.610 says:

> "A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
>
> * * *
>
> "(2) Misconduct of the jury * * *."

ORS 17.355 provides:

> "* * * If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

After the two above motions had been made, the trial judge and counsel retired to chambers where the judge asked plaintiff's counsel for an explanation of his motion. Counsel thereupon stated: "The jury has clearly disobeyed or not followed the court's instructions." After the explanation had been made, defendant's counsel called the trial judge's attention to *Fischer v. Howard,* 201 Or 426, 271 P2d 1059, which was based upon ORS 17.355, supra, and asked that the procedure outlined in it be followed. The trial judge ruled:

"I will deny the motion for a mistrial and I am going to instruct the jury further to correct the ambiguity in the verdict form."

At that point court and counsel returned to the courtroom, and the trial judge thereupon instructed the jury as follows:

"You are instructed that if you find for the defendant in this case you should use the form of verdict submitted which reads:" [and then recited a defendant's verdict]. "On the other hand, if your verdict is for the plaintiff then you will be required to set out the amount of money damages both for general and special damages respectively which you find using the following form of verdict which reads:" [and then recited a plaintiff's verdict].

At that point the foreman of the jury and the judge engaged in the following colloquy:

"Juror No. 3: I was just wondering,—we were wondering for the sake of the record, we followed, we thought, the instructions of the court. We picked out the instructions wherein we found that. Now, as we understood it, the complaint in the main was filed by the plaintiff. There was an affirmative defense set up by the defendant, Mr. Amore, and what we did, we found after consideration in our deliberations that - - -

"The Court: Do you have any specific question you desire to ask with reference to the law? I don't want to go into what you found.

"Juror No. 3: What we thought that maybe the instructions should have been or was not as clear as they should have been to us. We found an authority in your instructions for the verdict that we did find and I qualified it by saying that we found that the plaintiff was not negligent in the operation of his vehicle and did not contribute to the accident. That was the counterclaim by the defendant and we did find in that respect, we had to find for the plaintiff but the degree of liability as was set out as nothing on account of the evidence that was given. We wonder just what your instructions are; if there's an instruction finding for the defendant now as you set it out?

"The Court: Well, you were fully instructed and you have the written instructions with you and I'll ask you to retire without anything further at this time.

"Juror No. 3: Fine."

Possibly an explanation for the difficulty which the juror says he experienced can be found in the fact that the instructions, which covered 23 typewritten pages, were given to the jury without oral explanation. Of course, no copies were rendered available for the jurors and, therefore, a study of the instructions by them was difficult. ORS 17.255, which makes provision for written instructions, directs that they shall be given "without any oral explanation or addition." In making those observations, we imply no criticism of the capable trial judge.

After the jury had again retired from the courtroom, plaintiff's attorney moved "for a mistrial * * * and a new trial." Defendant's counsel thereupon stated: "There has been no misconduct and there is no basis apparent why a mistrial should be granted."

The trial judge addressed plaintiff's counsel with this inquiry: "Do you have anything you want to say?" The reply was, "That's all, Your Honor." At that point, the attorney for the defendant again directed the trial judge's attention to *Fischer v. Howard*. Without more ado the trial judge ended the matter by stating, "I will grant the motion for mistrial," and in so doing stated the following as his reasons:

"Actually, I feel that the statement made there by the foreman it's obvious that they have been fully instructed as counsel well know here in this case; not only that they have had the benefit of the written instructions which are with them, but in view of the statement made by the foreman, I feel that it would be a mistake to try to reinstruct on the things that he was mentioning there without giving the entire instruction over again and they've already got them with them, it's an impossibility to correct that sort of a situation. It's also obvious that they have not followed the court's instructions here in this case. I don't feel they have and I don't see how we can get a fair verdict out of this case now after it has gone this way. I feel that there has been misconduct on the part of the jury in that they have failed to follow the court's instructions and particularly in view of the fact that they have had the written instructions with them during the entire course of their deliberations and they were fully instructed on the points involved."

At that point the judge granted the motion for mistrial, discharged the jury and asked that the verdict form which was first submitted be preserved but not filed.

ORS 34.110 provides:

"A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, but though the writ may require such court, corporation, board, officer or person

"to exercise its or his judgment or proceed to discharge any of its or his functions it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of law."

The purpose of the present proceeding is to require the trial judge to file the verdict (ORS 17.360) and enter judgment thereon in favor of the defendant (relator herein).

*Fischer v. Howard,* supra, held that after discharge of the jury there remains nothing to be done, in instances to which ORS 17.355 is applicable, except to construe the verdict. In that case, we construed a verdict for the plaintiff, assessing his damages as none, as a verdict for the defendant. *Snyder v. Portland Railway, Light & Power Co.,* 107 Or 673, 215 P 887; *Baldwin v. Ewing,* 69 Ida 176, 204 P2d 430; accord *Royal Indemnity Co. v. Island Lake Top of Mahnomen County,* 177 Minn 408, 225 NW 291; accord *Amhozi v. Fry,* 158 Neb 18, 62 NW2d 259; *Stevens v. Frank,* 151 Pa Supp 222, 30 A2d 161; *Sheldon v. Imhoff,* 198 Wash 66, 87 P2d 103. But in those cases the ambiguous verdict had been received without objection and judgment had been entered upon it.

■ The part of the Fischer decision which pertained to the first cause of action in that case held that the procedure outlined in ORS 17.355 is to be followed when the jury returns a verdict which is "informal" or "insufficient" as those terms are employed in that section. See, in accord with the aforementioned part of *Fischer v. Howard,* the recent decisions in *Atlantic Coast Line R. Co. v. Price* (Fla), 46 So2d 481; *Higbee v. Dorigo* (Fla), 66 So2d 684; *Mackus v. Ruggles,* 165 Ohio St. 540, 138 NE2d 389. Definitions of "informal" and "insufficient" as they occur in California legislation,

which is a counterpart of ORS 17.355, are given in *Crown v. Sacks,* 44 Cal2d 590, 283 P2d 689. For a portrayal of the treatment that legislation has received, see Cal Juris, Trial, § 143 et seq and pocket part. If the verdict is ambiguous when returned, and counsel were present or had a reasonable opportunity to have been present and did not take advantage of the procedure afforded by ORS 17.355 for having the jury return a verdict free from ambiguity, they waive those defects, so *Fischer v. Howard* held, and there remains only the problem of construing the verdict.

■ *Fischer v. Howard,* supra, authorizes the trial judge to refuse to file, either upon his own motion or that of counsel, a verdict which is "informal" or "insufficient," and to take the measures authorized by ORS 17.355, so that a verdict will be received which is in proper form. In the case at bar, the trial judge embraced the powers conferred upon him by the section of our laws just cited and, not only refused to accept the proffered verdict, but also recommitted the case to the jury for the purpose of securing a verdict free from ambiguity. It will be noticed from a previous paragraph of this opinion that the judge refused to file the proffered verdict. See, also, *Heath v. Amore,* 208 Or 533, 302 P2d 1017. While the case was in that posture and before the jury had had an opportunity to comply with the supplementary instructions, it was discharged.

We have found no basis for the grant of a mistrial on any contention that the jury was guilty of misconduct, as that term is employed in ORS 17.610. In the instructions of the court, the jury, according to its mistaken foreman, found authority for the form of verdict it returned. From the statement of the foreman, it is reasonable to surmise that the jury did not

understand that injury, as a proximate result of the defendant's negligence, was an essential element of the plaintiff's cause of action. The evidence, as we have stated, was capable of supporting a finding that the plaintiff was not injured in the collision.

 We do not believe that the failure of the jury to correctly understand the instructions, especially when they are long and are submitted in written form only, constitutes misconduct. Nor do we believe that the inadvertent return of an ambiguous verdict is misconduct. It will be recalled that the trial judge deemed the verdict ambiguous.

 It appears that the court had no power to discharge the jury for the stated reasons after the court had resubmitted the case. ORS 17.330 provides:

"Except as provided in ORS 17.225 and 17.345, or in case of some accident or calamity requiring their discharge, the jury shall not be discharged after the cause is submitted to them until they have agreed upon a verdict and given it in open court, unless by the consent of both parties entered in the journal, or unless at the expiration of such period as the court deems proper, it satisfactorily appears that there is no probability of an agreement."

The two exceptions cover cases of the sickness or absence of a juror. The jury was, therefore, erroneously discharged.

ORS 17.360 says:

"When the verdict is given, and is such as the court may receive, and if the required number of jurors agree, and the jury is not again sent out, the clerk shall file the verdict. The verdict is then complete, and the jury shall be discharged from the case. * * *"

■ If neither counsel nor the trial judge had objected to the ambiguous form of the verdict, and if the latter had been filed, then, according to *Fischer v. Howard,* supra, the parties would have waived their objections to its informality and there would have remained nothing to be done except to construe the verdict. Both *Fischer v. Howard,* supra, and *Snyder v. Portland Railway, Light & Power Co.,* 107 Or 673, 215 P 887, hold that verdicts couched in the form now before us are in reality verdicts for the defendant. Had no objections been made to the filing of the instant verdict, and if it had been filed, judgment for the defendant could have been entered upon it. But the trial judge refused to file it, and after he had discharged the jury there was before the court no verdict which could be deemed "complete" within the purview of ORS 17.360.

This is an instance, as will be noticed from the supplementary instructions previously quoted, in which the jury could have returned a verdict for the plaintiff for a substantial sum of money. Likewise, it is possible that after the jury had heard the supplementary instructions and had found that its proffered verdict was unacceptable, it would have been unable to agree. The following decisions held that under circumstances similar to those at bar, the jury was authorized, not only to make corrections in the verdict, but to change the substance of the latter: *Warner v. New York Central R. R. Co.,* 52 NY 437, 11 AR 724; *White v. Hussey,* 76 NY Supp2d 924; *Savko v. Brooklyn & Queens Transit Corp.,* 166 Misc 84, 1 NY Supp2d 489; *Goodwin v. Appleton,* 22 Me 453; *Sutliff v. Gilbert,* 8 Ohio (Hammond) 405; *Blain v. Yockey,* 117 Colo 29, 184 P2d 1015.

It follows from the fact that ORS 17.355 and 17.360 justified the trial judge in refusing to receive the verdict, the writ sought in this case must be denied.