Argued January 10, affirmed February 22, 1978

BIEGLER, *Appellant,*
*v.*
KIRBY et ux, *Respondents.*
(No. 75-3929, SC 25211)
574 P2d 1127

J. Michael Alexander of Brown, Burt & Swanson, P.C., Salem, argued the cause and filed the brief for appellant.

Richard Bryson of Bryson and Robert, Eugene, argued the cause for respondents. With them on the brief was Calkins & Calkins, Eugene.

Before Denecke, Chief Justice, Tongue and Linde, Justices, and Richardson, Justice Pro Tempore.

RICHARDSON, J., Pro Tempore.

**RICHARDSON, J.,** Pro Tempore.

This is an action for personal injuries allegedly sustained by plaintiff in an automobile accident. The jury returned a verdict for defendants. Plaintiff appeals from a judgment entered on that verdict and makes three assignments of error. The first alleges the hospital records offered by defendants contained inadmissible hearsay. In the second claim of error plaintiff contends it was improper to allow both counsel for defendants to present arguments to the jury on the same issues. The third assignment asserts error in the denial of plaintiff's motions for mistrial when the jury at first returned an improper verdict.

It is unnecessary to detail the facts leading up to this controversy. Suffice it to say the vehicle driven by plaintiff was involved in a collision with a truck driven by defendant Richard Kirby. Plaintiff alleged substantial personal injuries resulting from the accident. Plaintiff had been medically treated for various ailments and injuries in the past. During trial defendants offered the hospital records respecting plaintiff's prior treatments. Plaintiff stipulated the records were authentic and could be admitted if relevant and material.

Counsel for plaintiff made a general objection that the hospital records contained "extraneous material." When asked what portions were deemed objectionable counsel referred to statements about "monkey business," to some nurses' notes and to evidence of insurance coverage. There was a lengthy colloquy between court and counsel regarding the contents of the hospital file. Plaintiff's counsel did not particularize his general objection. The court, during a recess, reviewed the hospital files and upon reconvening removed certain portions of the file. The court then asked if there was anything further objected to by plaintiff and received a negative reply.

On appeal plaintiff asserts a written report by a physician, contained in the hospital records, that

another doctor had told him plaintiff's problems were psychosomatic, was hearsay. In addition plaintiff argues she was, by admission of this portion of the hospital record, denied the right to cross-examine the original declarant and determine his qualifications and the basis of his medical opinion.

We decline to review the merits of this claim of error since plaintiff made no specific objection at trial to the challenged statement. It is sufficient to quote the well recognized rule set out in *Gallagher v. Portland Traction Co.,* 181 Or 385, 182 P2d 354 (1947):

> "The trial court properly called on counsel to point out the particular parts of the hospital record which were objectionable. It was not the duty of the court to examine a record extending over a period of years and to sift out the wheat from the chaff. Plaintiff does not contend that the hospital record is not authentic.
>
> "* * * * *
>
> "Most of the objections to the admission of the hospital record were of a general nature, and avail nothing on appeal * * *. As said in *American Oil etc. Co. v. Foust,* 128 Or 263, 274 P 322, a general objection to the testimony as a whole does not avail if some part thereof is admissible: citing Wigmore, Evidence (2d ed.) § 18, and Jones, Evidence, Civil Cases (3d ed.) § 894." 181 Or at 391-92.

The second assignment of error relates to the defendants' closing arguments to the jury. Defendants were represented at trial by two counsel. Both of defendants' counsel presented arguments on the issues of liability and damages. Plaintiff objected, arguing counsel should divide argument so that there would not be a duplication.

Plaintiff concedes the general rule that the conduct of the trial is within the discretion of the trial court and agrees two counsel may present jury arguments on behalf of a party. (ORS 17.210(4)). However, plaintiff urges this court to adopt "the sensible rule" that in such circumstances defendants' lawyers should be required to divide their arguments so that different

counsel argue different phases of the questions presented. She cites *Potapoff v. Mattes,* 130 Cal App 421, 19 P2d 1016 (1933), in support of this proposition.

The question presented in that case was whether more than one attorney should be allowed to present argument on behalf of the plaintiffs. Counsel for plaintiffs waived opening argument. Defendant's counsel then presented a lengthy argument. When he concluded his argument the court permitted more than one attorney to present rebuttal arguments in behalf of plaintiffs. The court noted simply as a fact that "* * * counsel for plaintiffs divided their arguments so that the different counsel argued a different phase of the questions presented. * * *" This fact did not form any part of the decisional basis of the court's holding.

The conduct of trial is within the discretion of the trial court and an appellate court will not interfere absent an abuse of that discretion. We can discern no basis for controlling the discretion of a trial judge by adopting the rule suggested by plaintiff. In the interest of economic use of court time duplication of argument is to be discouraged. However, we find no abuse of discretion in allowing the practice in this case.

■ The final ground urged for reversal is the denial of plaintiff's motions for mistrial. After a period of deliberation the jury returned a verdict in favor of plaintiff but assessed zero special and general damages. The court declined to accept the verdict and sent the jury back for further deliberation with the admonition "* * * if you find for the Plaintiff, it would then be necessary for you to make a determination as to what the reasonable amount of damages should be." Plaintiff moved for a mistrial on the ground of jury misconduct. The motion was denied.

Following a further period of deliberation the jury sent the following written question to the court:

"We feel that one dollar special and one dollar general damages are reasonable amounts. Would this be acceptable?"

The court indicated it would not respond directly to this question but would reinstruct the jury regarding damages. Plaintiff objected to reinstruction and again moved for a mistrial on the ground the jury was obviously not following the instructions of the court. The motion was again denied and the court reinstructed the jury. After a short period of deliberation the jury returned a verdict for defendants.

Understandably, plaintiff does not argue the court should have received the first verdict. Although defendants urged the court to direct a verdict for them, this motion was denied and there is no cross-appeal from denial of that motion. It is thus unnecessary to decide if the first verdict offered by the jury should have been accepted and a judgment entered for defendants. *State ex rel Amore v. Wilkinson,* 212 Or 236, 319 P2d 893 (1957), *Fischer v. Howard,* 201 Or 426, 271 P2d 1059, 49 ALR2d 1301 (1954) and *Snyder v. Portland Railway, L. & P. Co.,* 107 Or 673, 215 P 887 (1923), hold that verdicts for plaintiff with zero damages are in reality verdicts for the defendant. This results, not from the precise wording of the verdict, but from a construction of the verdict to determine the jury's intent. If, however, the verdict is not received by the court there is no necessity to construe it. *See State ex rel Amore v. Wilkinson, supra.*

When a verdict in this form is rejected there are two courses of action open to the court. It may declare a mistrial or reinstruct the jury and resubmit the case to them pursuant to ORS 17.355.[1] *Lewis v. Devils Lake Rock Crushing Co.,* 274 Or 293, 545 P2d 1374 (1976); *Moore v. Drennan,* 269 Or 189, 523 P2d 1250 (1974);

[1] ORS 17.355(2) provides: "* * * If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

*Hickman v. Haughton Elev. Co.,* 268 Or 192, 519 P2d 369 (1974). The court chose the latter course of action.

Plaintiff contends, even though the court could, pursuant to ORS 17.355, reinstruct the jury and resubmit the matter, the jury was guilty of misconduct and a mistrial should have been granted. The only misconduct pointed out by plaintiff is what she considers the "obvious" confusion of the jury regarding the court's instructions on damages. Confusion or misunderstanding of instructions is not misconduct justifying a mistrial. *See Fischer v. Howard* and *State ex rel Amore v. Wilkinson,* both *supra.* Reinstruction of the jury would tend to cure any misunderstanding the jury entertained regarding damages. Under the circumstances of this case it was not an abuse of discretion to deny the motions for mistrial and resubmit the case to the jury.

Judgment affirmed.