Argued and submitted May 1, reversed and remanded with instructions
July 24, 1991

Brook ROBIN,
*Respondent,*

*v.*

Janice M. KNUTH,
aka Janice M. Fraser,
*Appellant.*

(89-2011; CA A64932)

815 P2d 704

David M. Gordon, Newport, argued the cause for appellant. With him on the briefs was MacPherson, Gintner & Gordon, Newport.

Walter L. Crow, Jr., Portland, argued the cause for respondent. With him on the brief was Hampson, Bayless, Murphy & Stiner, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the judgment for plaintiff in this action for breach of the duty of good faith in the performance of a land sale contract. The jury initially returned a verdict "in favor of the plaintiff, and award[ed] plaintiff damages in the amount of $_0_." The trial court concluded that the finding for plaintiff without an award of damages was inconsistent, and it refused to accept the verdict. ORCP 59G(4). The jury was reinstructed and returned a second verdict, awarding damages to plaintiff. Defendant appeals from the resulting judgment and assigns as error the court's refusal to accept and enter judgment on the first verdict. We agree and reverse.

Defendant relies on ORCP 61A(2) for the proposition that the first verdict was proper. It provides:

> "When a general verdict is found in favor of a party asserting a claim for the recovery of money, the jury shall also assess the amount of recovery. A specific designation by a jury that no amount of recovery shall be had complies with this subsection."

The first sentence of the rule duplicates, in substance, *former* ORS 17.425. The statute was construed in several cases where verdicts had been returned for the plaintiff with zero damage awards. *See, e.g., Biegler v. Kirby,* 281 Or 423, 574 P2d 1127 (1978); *State ex rel Amore v. Wilkinson,* 212 Or 236, 319 P2d 893 (1957); *Fischer v. Howard,* 201 Or 426, 271 P2d 1059 (1954). Plaintiff understands those cases to stand for the proposition that "a verdict in favor of a plaintiff without assessing damages is an ambiguous, informal and insufficient verdict." It is not entirely clear that that is a complete understanding of the cases. The precise issues in them differed, and a general rule is not easily derived. For example, the court noted in *Fischer* that a verdict similar to the one here, if accepted without objection, "must be deemed one for the defendant." 201 Or at 458.

In any event, the second sentence of ORCP 61A(2) was added for the purpose of validating verdicts of the kind involved in those cases and in this one. The Council on Court Procedures Staff Comment, quoted in Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 187, says:

"Section 61 A. combines the definition of general verdict in ORS 17.405 with a redraft of ORS 17.425. The language of ORS 17.425 is very confusing, and subsection 61 A.(2) preserves the essential procedure. The last sentence of 61 A.(2) allows a jury properly to return a verdict in favor of a plaintiff asserting a right to recover damages in the amount of 'zero' damages. See *Fischer v. Howard,* 201 Or. 426 (1954)."

Plaintiff argues that ORCP 61A(2) is ambiguous and internally inconsistent and that its purpose is unclear. She explains:

"The legislative history on the 1978 legislative addition is not helpful, as the comments simply refer the reader to 'see *Fischer v. Howard,* 201 Or 426 (1954).' * * *

"Because of the abundant history of case law adjudicating the result of a plaintiff's verdict with no damages, one has to ask what the 1978 legislature thought it was accomplishing. Was this an effort to avoid having to reinstruct a jury in order to achieve a consistent verdict without thought as to possible resulting consequences? Was it the legislature's intent to change the result of a verdict specifically given by a jury in favor of a plaintiff with 'zero' damages to a defense verdict? Or, did the legislature intend to 'legislate' that a plaintiff's verdict with zero damages would now be construed as a plaintiff's verdict, overruling prior case law to the contrary?

"* * * * *

"We now have a situation where the first sentence of ORCP 61A mandates that damages must be awarded a prevailing plaintiff. The second sentence, however, provides that no damages may be awarded a prevailing plaintiff."

We disagree. The staff comment clearly explains the purpose of the second sentence, and its citation of *Fischer v. Howard, supra,* clearly identifies the reason why the sentence was considered necessary. It is not rendered unclear by the case law; it was intended as a legislative response to the case law that had suggested that a verdict that could easily be construed as being for one party or the other, was nevertheless not acceptable. There is no inconsistency between the two sentences of the rule. The second explains that a particular form of verdict complies with the requirement of the first. The first verdict was acceptable under ORCP 61A(2), and the court erred by not entering judgment on it.

Reversed and remanded with instructions to enter judgment on the first verdict.