Argued and submitted December 17, 2020; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed April 20, 2022

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# LISA MORNAY McBEAN,
aka Lisa Mornay Chance,
*Defendant-Appellant.*

## Umatilla County Circuit Court
17CR76459; A168388

510 P3d 233

Defendant was the getaway driver for a woman who assaulted another woman. For that conduct, defendant was convicted by a jury of one count of hindering prosecution, ORS 162.325 (Count 1), and one count of reckless driving, ORS 811.140 (Count 2). The jury unanimously voted to convict defendant of reckless driving but did not unanimously agree on the hindering prosecution count. Defendant challenges several evidentiary rulings, the denial of her motion for judgment of acquittal on Count 1, and issues regarding the nonunanimous jury verdict. The state concedes that, in view of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the conviction on Count 1 must be reversed and remanded for a new trial. *Held*: The Court of Appeals reversed and remanded Count 1 for a new trial, concluded that the trial court properly denied the motion for judgment of acquittal, and rejected defendant's other arguments for lack of preservation.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

Jon S. Lieuallen, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## LAGESEN, C. J.

Defendant was the getaway driver for a woman who assaulted another woman. For that conduct, defendant was convicted by a jury of one count of hindering prosecution, ORS 162.325 (Count 1), and one count of reckless driving, ORS 811.140 (Count 2). The jury unanimously voted to convict defendant of reckless driving but did not unanimously agree on the hindering prosecution count. Because of that lack of unanimity, we reverse the conviction on Count 1 and remand, rejecting defendant's argument that she was entitled to a judgment of acquittal on that count. We otherwise affirm.

As defendant herself admitted upon her arrest, defendant drove Madrigal and two other people to the victim's house. According to defendant, "there was a mutually agreed-upon meeting between [the victim] and Madrigal to fight up at that residence." When they arrived at the victim's house, all of defendant's passengers "got out of the vehicle and went and confronted [the victim] and that there was a [*sic*] argument and a fight ensued after that."

The victim, fearing the attack, called police ahead of time. The Pendleton Police Department dispatched Officer Pieschel in response. When he arrived, he saw Madrigal talking to the victim. When Madrigal saw him, she took off running. He followed her as she ran and saw her, and one other person, get into defendant's car, which then sped away.

He then returned to the victim. He observed that she had multiple injuries all over her body:

> "I observed multiple * * * bruises, redness, and scratches on her back. I observed more bruising and scratches to her left side torso. Her left thigh had multiple bruises already forming. Her left calf had scratches and redness on it. Right thigh had several bruises, as well as her right calf.
>
> "There was a large red scuff mark on her right leg, starting on the outside of her knee and extending down her calf."

The victim's injuries were, in Pieschel's view, "more consistent with multiple people in that fight" with the victim.

For her role that night, defendant was charged with reckless driving and hindering prosecution. The offense of hindering prosecution requires proof that the defendant's conduct hindered the prosecution of "a person who has committed a crime punishable as a felony." ORS 162.325(1). The state's theory on that point was that Madrigal was such a person because her assault on the victim constituted third-degree assault, a felony, and that defendant hindered Madrigal's prosecution by providing transportation to her. The indictment alleged:

> "The defendant, on or about August 11, 2017, in Umatilla County, Oregon, did unlawfully, with intent to hinder the apprehension, prosecution, conviction or punishment of NINA MADRIGAL, a person who had committed Assault III, a crime punishable as a felony, provide or aid in providing NINA MADRIGAL with transportation."

At trial, to prove that Madrigal had committed third-degree assault, the court permitted the state to enter into evidence an indictment charging Madrigal with third-degree assault. Defendant objected to the admission of the indictment for that purpose on relevance grounds but did not object to the admission of the indictment as "a certified true copy of the indictment in the Madrigal case." The trial court also permitted Pieschel to testify to his opinion, based on his investigation, that Madrigal had committed third-degree assault. Defendant raised hearsay and relevance objections to that testimony, but the trial court overruled them. The jury found defendant guilty as charged. Defendant appealed.

On appeal, defendant raises a number of assignments of error, most of which pertain only to her conviction for hindering prosecution. She contends that the trial court (1) erroneously admitted Madrigal's indictment under OEC 701 as lay opinion testimony; (2) erroneously admitted Pieschel's testimony about Madrigal committing third-degree assault under OEC 701 as lay opinion testimony; (3) erroneously admitted Pieschel's testimony, over defendant's hearsay objection, that he had determined that multiple persons participated in the assault on Madrigal; (4) erred in denying defendant's motion for judgment of

acquittal on the hindering prosecution count; (5) erred in overruling defendant's objection to the prosecutor's rebuttal argument that, in determining whether Madrigal committee third-degree assault because she had been aided by someone "actually present," the jury could take into account defendant's act of supplying transportation; (6) erred in instructing the jury that it could return nonunanimous verdicts; and (7) erred in accepting the nonunanimous guilty verdict on Count 1.

In response, the state concedes that, in view of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), we must reverse the conviction on Count 1 because the verdict was not unanimous, and remand for a new trial on that count. The state argues, correctly, that the error in instructing the jury that it could render a nonunanimous verdict does not entitle defendant to reversal of the conviction on Count 2, because the jury was unanimous on that count. *State v. Ramos*, 367 Or 292, 478 P3d 515 (2020). As for defendant's remaining assignments of error, the state argues that they are not preserved, with the exceptions of defendant's hearsay challenge to the admission of Pieschel's testimony and her challenge to the denial of the motion for judgment of acquittal. On those, the state contends that there is no error. For the reasons that follow, we agree with the state.

*Motion for judgment of acquittal*. We must, at a minimum, reverse the conviction on Count 1 because it resulted from a nonunanimous verdict, something that would result in a remand for a new trial. Defendant contends, however, that the evidence is insufficient to support her conviction, entitling her to an outright reversal for entry of judgment of acquittal on Count 1. *See State v. Brady*, 317 Or App 372, 373, 506 P3d 1180 (2022) (discussing comparable procedural posture). Accordingly, we must consider defendant's sufficiency-of-the-evidence claim.

Our review of a trial court's denial of a motion for a judgment of acquittal is for legal error, and we consider the facts in the light most favorable to the state, drawing all reasonable inferences in the state's favor. *State v. Yerton*, 317 Or App 538, 539, 505 P3d 428 (2022).

As noted, to prove defendant guilty as charged on Count 1, the state had to prove that defendant hindered the prosecution of "a person who has committed a crime punishable as a felony." ORS 162.325(1). In this instance, the relevant felony alleged in the indictment was third-degree assault committed by Madrigal. The state's theory at trial was that Madrigal's conduct constituted third-degree assault because Madrigal, "[w]hile aided by another person actually present, intentionally or knowingly caus[ed] physical injury to another." ORS 163.165(1)(e). Defendant argues that she is entitled to a judgment of acquittal because, in her view, the evidence is insufficient to support a finding that Madrigal was "aided by another person actually present" in her attack on the victim.

We disagree. Under our case law, it is inferable that a person is "aided by another person actually present" in causing physical injury to another if the evidence shows that the other person is in close proximity in a manner that that presents "an added threat to the victim's safety." *State v. Hesedahl*, 247 Or App 285, 290-92, 269 P3d 90 (2011), *rev den*, 351 Or 649 (2012) (internal quotation marks omitted). Thus, for example, in *Hesedahl*, we concluded that evidence that a third person was in close proximity to the defendant and giving him verbal encouragement was sufficient to allow a finding that the defendant was "aided by another person actually present" for purposes of third-degree assault as defined by ORS 163.165(1)(e). *Id*. In this case, the evidence allows the same finding. In particular, defendant's own admissions that her three passengers "got out of the vehicle and went and confronted [the victim] and that there was a [*sic*] argument and a fight ensued after that," together with the evidence that the victim's injuries were consistent with injuries inflicted by more than one person, would allow for the finding that Madrigal caused physical injury to the victim while "aided by another person actually present." The trial court properly denied the motion for judgment of acquittal.

*Evidentiary errors.* Defendant contends that the trial court made three evidentiary errors in admitting certain evidence. Although, as explained, we reject them on

procedural grounds, we address them briefly because they pertain to defendant's conviction for hindering prosecution, and we wish to be clear that, should the state seek to introduce the same evidence on remand, our decision does not preclude defendant from again challenging the admissibility of that evidence.

　　In her first assignment of error, defendant contends that the trial court erred in admitting Madrigal's indictment. In her second assignment of error, defendant contends that the trial court erred in admitting Pieschel's testimony that, based on his investigation, he determined that Madrigal committed third-degree assault. Defendant frames both assignments of error under OEC 701. Although defendant objected to the admission of the evidence below, at least insofar as the state proposed to use it for some purposes, not once did defendant mention OEC 701. For that reason, defendant's first two assignments of error, as presented to us, are not preserved, and we decline to address them in this posture. Because of that, we are not called upon to address when, if ever, an indictment may be admissible as substantive proof that the person committed the crime charged. Given the presumption of innocence, which does not permit guilt to be inferred from the fact that a person is charged with a crime, the use of indictment to prove that the person charged committed the crime charged is potentially problematic for reasons other than those identified by defendant. Should the state again seek to prove that Madrigal committed a felony through evidence that Madrigal was indicted, this decision does not foreclose the parties from further developing their arguments regarding the permissibility of the use of an indictment to prove that someone committed a crime.

　　In her third assignment of error, defendant asserts that the trial court erred in overruling her hearsay objections to two statements by Pieschel. Defendant first argues that the following statement was hearsay, and that the trial court erred in concluding otherwise:

> "Based on my investigation, I was able to determine that an Assault III had taken place. They—there was physical injury and multiple people that had taken part and aided each other in committing the physical injury."

On its face, the statement does not recount out-of-court statements by others. Further, the record demonstrates that Pieschel's determination was based at least in part on his direct personal observations, rather than witness statements, making at least some of it admissible. Under those circumstances, defendant has not established that it was error to overrule her hearsay objection. When part of a whole of evidence is admissible and part is not, a trial court does not err by admitting it over a general objection that does not parse the admissible from the inadmissible. *See Biegler v. Kirby*, 281 Or 423, 426, 574 P2d 1127 (1978) (so concluding). This opinion does not foreclose defendant from advancing more specific objections on retrial, if the issue arises again.

Defendant next argues that the trial court erred in overruling her hearsay objection to Pieschel's response to the prosecutor's question, "As part of your investigation, were you able to determine who—who was involved in the assault on [the victim]?" Pieschel responded: "Nina Madrigal, Omar Almonte are the two that I was able to identify. I was not able to identify the third." Defendant asserts that Pieschel's testimony was inadmissible hearsay. She asserts that Pieschel's identification was based on out-of-court statements by others so, in essence, it represents a recounting of those statements. But Pieschel's testimony does not, on its face, refer to out-of-court statements by others. In addition, the record is insufficient to demonstrate whether Pieschel was, in fact, recounting statements of others. Under those circumstances, defendant has not demonstrated that the trial court erred in overruling the hearsay objection. This opinion, again, does not foreclose defendant from developing a different factual record in support of her hearsay objection on remand, should the state seek to introduce the same testimony.

*Prosecutor's rebuttal argument.* In her remaining assignment of error, defendant contends that the trial court erred when it overruled her objection to the following rebuttal argument by the prosecutor:

"So there could be an argument to make that [defendant] herself, in providing the transportation to [the victim's] home, being aware that they had prearranged for

a fight, and then following that providing transportation away from there, had aided Nina Madrigal."

Before us, defendant argues that the prosecutor's statement misstated the law by suggesting that defendant's act of transporting Madrigal could constitute the aid by another person present required to make Madrigal's attack on the victim third-degree assault. But, as the state correctly points out, that was not the basis of defendant's objection below. Instead, defendant argued that the evidence was improper because it suggested that defendant herself had committed a different crime that was not before the jury. In response, the prosecutor explained that that was not what he was doing, and that he was instead noting that defendant's aid to Madrigal could constitute the aid necessary to make the assault a felony. Upon hearing that, defendant did not object further. Consequently, the assigned error is not preserved and we reject it for that reason.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.